J-S34041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
BRIAN KURT BANTUM :
:
Appellant : No. 446 WDA 2022

Appeal from the PCRA Order Entered April 1, 2022
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002204-2016

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY PELLEGRINI, J.:          **FILED: OCTOBER 24, 2022**

Brian Kurt Bantum (Bantum) appeals from the order of the Court of

Common Pleas of Blair County (PCRA court) dismissing his first timely petition

filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-

9546.  Bantum contends that trial counsel was ineffective for failing to file a

pretrial motion to suppress evidence and for declining to call three witnesses

to testify in his defense at his jury trial.  Additionally, Bantum's court-

appointed counsel has filed a motion for leave to withdraw from representation

_____

* Retired Senior Judge assigned to the Superior Court.

and an **Anders** brief.[1]  We grant counsel's motion to withdraw and affirm the

PCRA court's order denying Bantum's PCRA petition.

## I.

## A.

The relevant facts and procedural history of this case are as follows.  On

October 5, 2016, at about 8:00 p.m., Kenton Knepp (Knepp) was drinking

alcohol at his apartment with two friends, Jeffery Cruthers (Cruthers) and Gary

O'Shell (O'Shell).  Bantum was Knepp's next-door neighbor and as he walked

past Knepp's apartment, Knepp invited him inside.  However, because Bantum

was visibly intoxicated to the extent that he was stumbling around the

residence, Knepp asked him to leave.  Bantum resisted and swung his fist at

Cruthers.  Knepp and his friends were eventually able to push Bantum outside

of the apartment and onto the porch.  In doing so, Bantum and Knepp fell to

the ground and the firearm Knepp was carrying slipped out of his holster.

Knepp caught the firearm and placed it next to him, but as he lifted his hand

off of it to stand up, Bantum reached for the firearm and put his hand on it.

---

[1] **See Anders v. California**, 386 U.S. 738 (1967) (prescribing procedure for counsel to withdraw from representation on direct review).  Where counsel seeks to withdraw on appeal during collateral proceedings, a **Turner**/**Finley** "no-merit" letter is the appropriate filing.  **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (en banc).  However, because an **Anders** brief provides greater protection to an appellant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter.  **See Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014).

Knepp immediately backed into his apartment, closed and locked the door and told Cruthers and O'Shell that Bantum took the firearm. They called the police and when the responding officers arrived at the scene minutes later, Bantum and the firearm were gone.

Police spoke to Bantum's girlfriend at a residence she shared with Bantum, and she indicated that she did not know his whereabouts. She consented to a search of their apartment and the officers found Bantum outside in the backyard sitting in a chair next to a grill. Bantum appeared highly intoxicated and angry, and he was detained after he refused to disclose the location of the firearm. The officers located the firearm under a tarp covering the grill.

Bantum was represented by Mark S. Zearfaus, Esq. at his June 8, 2017 jury trial. The parties stipulated that Bantum had a prior drug conviction that prohibited him from legally possessing a firearm. Bantum testified in his defense that he did not take Knepp's firearm or place it on his grill. The jury found Bantum guilty of person not to possess a firearm, theft by unlawful taking and disorderly conduct, and the court found him guilty of related summary offenses. On August 31, 2017, the trial court sentenced Bantum to an aggregate term of 5 to 10 years' incarceration. The trial court denied

Bantum's post-sentence motion and Bantum timely appealed. This Court affirmed Bantum's judgment of sentence on July 14, 2020.[2]

**B.**

Bantum filed the instant timely *pro se* PCRA petition on August 12, 2020. Appointed counsel filed an amended petition contending that trial counsel was ineffective for failing to file a motion to suppress evidence and for declining to call three witnesses to testify in Bantum's defense at trial.[3] The PCRA court held evidentiary hearings on the petition in July 2021 and January 2022.

Bantum and his neighbor at the time of the incident, Susan Nadolsky (Nadolsky), testified at the July 30, 2021 hearing. Bantum stated his position that Attorney Zearfaus was ineffective for failing to call three witnesses in his defense at trial: Nadolsky, Terry Prowl (Prowl) and Angela Brackeow (Brackeow). PCRA counsel advised the court that although these three witnesses had initially agreed to appear without a subpoena, Prowl changed her mind and Brackeow could not be located. Bantum averred that he was willing to proceed with the hearing despite their absence.

---

[2] We initially remanded the case to the trial court for a number of reasons, including for the appointment of new counsel and supplementation of the certified record.

[3] **See** 42 Pa.C.S. § 9543(a)(2)(ii) (providing for ineffective assistance of counsel as a basis for PCRA relief).

Bantum testified that Attorney Zearfaus should have called these witnesses at trial because they "had information of [Knepp's] behavior at the time . . . prior to this incident that happened on October 5th there had been many instances [where Knepp was] highly intoxicated and losing it and all kinds of erratical [sic] behavior. They could have information on his behavior prior to this incident." (N.T. PCRA, 6/30/21, at 4). Bantum maintained that he had made Attorney Zearfaus aware of these witnesses, but that Attorney Zearfaus told him "there was no need for their testimony." (*Id.*).

Bantum also testified that Attorney Zearfaus should have filed a motion to suppress evidence challenging the warrantless search of his residence. Although he had asked Attorney Zearfaus to file this motion on his behalf, Attorney Zearfaus refused "because there was no merit." (*Id.* at 5).

On cross-examination, Bantum elaborated that the three uncalled witnesses "can attest to [Knepp's] character at the time of the incident that happened prior to that, he always pulls his gun out, a heavy drug user, a heavy drinker, so those witnesses can attest to his behavior during the incident in question at the time of the incident." (*Id.* at 8). Bantum reiterated that Attorney Zearfaus chose not to call the witnesses even though Prowl and Brackeow were present in court with him at trial.

Nadolsky testified that Bantum was her neighbor and that she dated Knepp "for maybe a week and it was constantly him being drunk, him popping pills, him running places to find pills. It was him all the time pulling out his

badge[4], pulling out his gun, he would leave his gun laying on the porch . . . and there were times where he would leave it out there all night." (***Id.*** at 11). Nadolsky stated that Knepp used racial slurs and recounted an incident wherein he passed out intoxicated in the driver's seat of his truck.

Nadolsky indicated that she would have been able to testify at Bantum's trial but that she was never contacted by Attorney Zearfaus or any other attorney to appear at the proceedings, and she did not know about the trial at that time. The PCRA court colloquied Nadolsky as to her personal knowledge of the October 5, 2016 incident and she stated: "honestly, I don't remember anything from 2016, but they were out there every day." (***Id.*** at 15). Nadolsky indicated that she did not trust Knepp or his friends and speculated that the gun had been planted at Bantum's residence. Nadolsky also admitted that she had no knowledge as to whether Bantum took Knepp's firearm that day.

The PCRA court noted Attorney Zearfaus' absence from the hearing due to a family emergency and the need for a second hearing at which both parties could present additional testimony. At the January 25, 2022 hearing, Attorney Zearfaus testified that he did not file pretrial motions in this case and did not remember Bantum requesting him to do so. Attorney Zearfaus recalled speaking to Bantum's girlfriend at the time of trial and determining that her

_____

4 Knepp is a former state prison guard.

testimony would not be helpful to the defense. He further testified that the fact that Bantum's girlfriend had consented to the search of their shared apartment would have played a role in his decision concerning pretrial motions.

On cross-examination, Attorney Zearfaus testified that he did not recognize the names of any of the three uncalled witnesses, and when asked specifically about Nadolsky, Attorney Zearfaus testified that her name was not familiar to him at all. Attorney Zearfaus indicated that there was no reason to file a motion to suppress because police were given consent to search the residence by Bantum's girlfriend, with whom Bantum then resided.

The PCRA court entered an order denying Bantum's petition on April 1, 2022. Bantum timely appealed and he and the PCRA court complied with Rule 1925. **See** Pa.R.A.P. 1925(a)-(b). In rendering its decision, the PCRA court found Attorney Zearfaus' testimony credible in all respects and Bantum's testimony not credible. (**See** PCRA Court Opinion, 4/01/22 at 7, 11).[5]

**II.**

We begin by addressing counsel's application to withdraw. We have explained:

> The **Turner/Finley** decisions provide the manner for postconviction counsel to withdraw from representation. The

---

[5] The Commonwealth declined to file a brief and it agrees that PCRA counsel should be permitted to withdraw. (**See** Letter filed by ADA Julia Wilt, Esq., 8/22/22).

holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

This Court has imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney.

**Reed**, **supra** at 140.

Our review of the record confirms that counsel has substantially complied with the procedural requirements to withdraw by filing a petition to withdraw, accompanying supporting brief, and copy of the letter he sent to Bantum enclosing the filings and advising him of his rights on appeal. **See id.** at 141 n.6. Accordingly, we will proceed with our independent review of the issues presented to determine if counsel correctly concluded that the issues lack merit.

## III.

Bantum raises two claims of ineffective assistance of trial counsel on appeal.[6] "To prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Sarvey*, 199 A.3d 436, 452 (Pa. Super. 2018), *appeal denied*, 208 A.3d 62 (Pa. 2019) (citation omitted). "If a petitioner fails to prove any of these prongs, his claim fails." *Id.* (citation omitted). Additionally, counsel is presumed to be effective. *See id.*

## A.

Bantum first contends that trial counsel was ineffective for failing to file a motion to suppress evidence where the firearm recovered by police was unlawfully seized during the warrantless search of his residence. (*See Anders*' Brief, at 10).

---

[6]

> Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from error. The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court. However, we review the PCRA court's legal determinations *de novo*.

*Commonwealth v. Orner*, 251 A.3d 819, 824 (Pa. Super. 2021), *appeal denied*, 265 A.3d 1276 (Pa. 2021) (citations omitted).

It is well-settled that under some circumstances, failure to file a suppression motion may constitute evidence of the ineffective assistance of counsel. *See Commonwealth v. Watley*, 153 A.3d 1034, 1044 (Pa. Super. 2016). "However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move." *Id.* (citation omitted). "The defendant must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability the verdict would have been more favorable." *Id.* (citation omitted).

We also note that voluntary consent is an exception to the warrant requirement. *See Commonwealth v. Lehnerd*, 273 A.3d 586, 590 (Pa. Super. 2022). Therefore, the warrantless search of a home is constitutionally permissible where an occupant with authority over the premises consents to the search. *See id.*

In this case Attorney Zearfaus testified that he did not recall Bantum making any request that he file a motion to suppress. Attorney Zearfaus also explained the fact that Bantum's girlfriend had consented to the search of their apartment rendering the filing of a suppression motion unnecessary. The PCRA court found Attorney Zearfaus' testimony credible, and it concluded that based on that, there was no legitimate basis to support the filing of a suppression motion. We agree with the PCRA court's assessment.

**B.**

Bantum next argues that counsel was ineffective for failing to call Nadolsky, Prowl and Brackeow as defense witnesses at trial. Bantum maintains that counsel was aware of these witnesses and their willingness to testify to Knepp's character as a frequent alcohol and drug user, his open display of his firearm, and use of racial epithets. (*See Anders*' Brief, at 10-12).

"A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." *Commonwealth v. Sneed*, 45 A.3d 1096, 1109 (Pa. 2012) (citation omitted). To establish arguable merit based on trial counsel's failure to call a witness, a PCRA petitioner must "show that the witness existed and was available; counsel was aware of, or had a duty to know of the witness; the witness was willing and able to appear; and the proposed testimony was necessary in order to avoid prejudice." *Commonwealth v. Robinson*, 278 A.3d 336, 338 (Pa. Super. 2022) (citation omitted). In this context, prejudice means that "the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Id.* (citation omitted).

Here, the proffered evidence was that Knepp was often drunk and pulled out his firearm to show it to people. However, "specific instances of a victim's prior conduct are admissible to show a victim's character trait only if the trait in question is probative of an element of a crime or a defense."

*Commonwealth v. Minich*, 4 A.3d 1063, 1071 (Pa. Super. 2010); *see also*
Pa.R.E. 404(a)(2) (governing character evidence of pertinent trait). Thus,
under Rule 404, evidence of the victim's pertinent trait is limited in scope and
must be relevant to the offense. *See id.*

The PCRA found that the allegations concerning Knepp's behavior had
no discernable tie to Bantum's crime in this case and explained its rationale
for rejecting Bantum's ineffectiveness claim as follows:

> In this case, the Defendant was convicted of Possession of
> a Firearm Prohibited, Theft by Unlawful Taking, and Disorderly
> Conduct. The proffered evidence is that the victim was often
> drunk, loud and would also pull his gun out and show it often.
> Such evidence is not relevant to any of the crimes listed above or
> any defenses to those crimes.
>
> *        *        *
>
> In assessing the credibility of the witnesses who testified,
> we find that the Petitioner's testimony is not credible. We find
> Attorney Zearfaus' testimony to be credible in all respects. As a
> result, we do not find that the Petitioner informed Attorney
> Zearfaus of the three witnesses identified above or the availability
> of these witnesses. Even if the Petitioner had advised Attorney
> Zearfaus of Ms. Nadolksi, we find that he would have had a
> reasonable basis to conclude that her testimony would essentially
> be irrelevant, not admissible and not helpful to the Petitioner.
> Thus we cannot find that the Petitioner was prejudiced by Ms.
> Nadolski not testifying at the time of trial nor that Attorney
> Zearfaus was ineffective for failing to call a witness he was not
> aware of, nor one who would not have been helpful to the defense.

(PCRA Ct. Op. at 9, 11).

We agree with the PCRA court's conclusion and reiterate that none of
the uncalled witnesses were present during the incident, and that the
proffered character evidence relative to Knepp's penchant to show his firearm,

use substances, and use racial epithets was not relevant to whether Bantum took the firearm that night. Because Bantum has not established the required factors, *i.e.*, that counsel was aware of available witnesses who were willing to appear at trial to provide testimony helpful to the defense, **see Robinson**, **supra** at 338, his claim of ineffectiveness concerning the uncalled witnesses fails.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2022