J-A06038-22

2022 PA Super 57

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TROY DAVID LEHNERD | : | |
| | : | |
| Appellant | : | No. 579 WDA 2021 |

Appeal from the Judgment of Sentence Entered February 18, 2021
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000756-2019

BEFORE: MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

OPINION BY COLINS, J.:                  **FILED: April 5, 2022**

Appellant, Troy David Lehnerd, appeals from the judgment of sentence imposed for his convictions for Driving Under the Influence (DUI) General Impairment Incapable of Driving Safely and DUI Highest Rate of Alcohol,[1] and two summary Vehicle Code offenses, Abandoning Vehicle on a Highway and Failure to Activate Hazard Lamps.[2] For the reasons set forth below, we vacate Appellant's DUI convictions and sentence and remand for a new trial.

This case arises out of a one-vehicle accident on March 7, 2019, in Oakland Township, Pennsylvania at approximately 9:00 p.m. Two Pennsylvania State Police troopers were dispatched to the scene and found

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1) and (c).

[2] 75 Pa.C.S. §§ 3712(a), 4305(a).

Appellant's pickup truck overturned. N.T. Suppression Hearing at 4, 20-21; N.T. Trial at 38-39. When they arrived at the scene, no one was in the truck and the driver was not in the area. N.T. Suppression Hearing at 4-5, 21; N.T. Trial at 39. When one of the troopers looked in the truck for registration documents, he saw empty beer cans in the truck. N.T. Suppression Hearing at 5, 10; N.T. Trial at 39, 54-55. A neighbor who had come to the scene shortly after the accident told one of the troopers that the driver had asked to use a phone to call for a ride and that the driver smelled of alcohol. N.T. Suppression Hearing at 5-6; N.T. Trial at 39. The troopers determined by running the truck's license plate that Appellant was the owner and what Appellant's address was. N.T. Suppression Hearing at 21, 24. While the troopers were finishing their investigation of the scene, Appellant's parents arrived and told them that Appellant was the owner of the truck and that they had driven Appellant home. *Id.* at 6-7, 21-22; N.T. Trial at 40, 50.

The troopers then drove to Appellant's house and knocked on the door. N.T. Suppression Hearing at 7, 14-15, 21-22. No lights were on at Appellant's house, and no one came to the door when they knocked. *Id.* at 7-8, 14-15, 22. While the troopers were waiting at Appellant's door, Appellant's parents arrived at Appellant's house. *Id.* at 7-8, 15, 22, 25. Appellant's mother told the troopers that she had dropped Appellant off at this house and believed that he was in the house. *Id.* at 8, 22. The troopers asked Appellant's mother if she could let them in the house and she opened the door and let them in.

*Id.* at 8-9, 22-23, 25-26. After Appellant's mother let them in, the troopers entered Appellant's house and escorted him out of the house to perform field sobriety tests. *Id.* at 9; N.T. Trial at 41-42. The field sobriety tests showed intoxication and Appellant was arrested and taken to the local State Police barracks, where he submitted to a blood alcohol breath test. N.T. Trial at 42-46. The blood alcohol breath test showed a blood alcohol level of .163%. *Id.* at 46-48.

Appellant was charged with DUI General Impairment Incapable of Driving Safely, DUI Highest Rate of Alcohol, and five summary Vehicle Code offenses, including Abandoning Vehicle on a Highway and Failure to Activate Hazard Lamps. On September 12, 2019, Appellant filed a motion to suppress the evidence obtained after entering Appellant's house on the ground that the troopers' warrantless entry into the house and escorting him out of the house constituted an illegal seizure. On February 14, 2020, the Court of Common Pleas of Butler County (trial court) held an evidentiary hearing on Appellant's suppression motion at which both troopers and Appellant's mother testified. Following the hearing, the trial court denied Appellant's motion to suppress on the ground that Appellant's mother had consented to the troopers' entry into Appellant's house and that she had apparent authority to give that consent. Trial Court Opinion and Order, 2/18/20.

On January 22, 2021, Appellant was convicted at a bench trial of DUI General Impairment Incapable of Driving Safely, DUI Highest Rate of Alcohol,

Abandoning Vehicle on a Highway and Failure to Activate Hazard Lamps and was acquitted of the three other summary Vehicle Code offenses. N.T. Trial at 83-84; Non-Jury Verdict. At this trial, the field sobriety tests and blood alcohol breath test results were admitted in evidence and one of the troopers testified concerning his observations of Appellant and a statement Appellant made after he was taken out of his house. N.T. Trial at 42-48. In addition, witnesses who live where the accident occurred testified that Appellant said that he had wrecked his truck and asked to use a telephone right after the accident, that Appellant told them that he had had a few drinks, and that Appellant had watery eyes, "was slurring his speech a little," looked "spaced out," and smelled of alcohol. *Id.* at 10-14, 20-21, 23, 28-30, 34, 36.

On February 18, 2021, the trial court sentenced Appellant to 72 hours to 6 months' imprisonment, from which he was immediately paroled, and a $1,000 fine for the DUI convictions and imposed fines of $500 and $25 for the two summary offense convictions. Sentencing Order. Appellant filed a post sentence motion seeking a new trial on weight of the evidence grounds, which the trial court denied on April 23, 2021. This timely appeal followed.[3]

Appellant presents the following single issue for our review:

---

[3] Although it appears that Appellant has completed serving his sentence, the appeal is not moot because the DUI convictions could have further consequences if Appellant is convicted of DUI in the future and because the $1,000 fine could still be affected by vacatur of the DUI convictions.

Whether the trial court erred and/or abused its discretion by failing to suppress the evidence stemming from the unlawful consent and search of Defendant's residence where Defendant was unlawfully seized?

Appellant's Brief at 6. Our standard and scope of review of the denial of a motion to suppress evidence is well established:

Appellate review of a suppression decision is limited to the suppression record, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by the defense. This Court is bound by the facts as found by the suppression court so long as they are supported by the record, but our review of its legal conclusions is de novo.

*Commonwealth v. Valdivia*, 195 A.3d 855, 861 (Pa. 2018) (citations omitted).

The Fourth Amendment of the United States Constitution[4] protects against unreasonable searches and seizures. *Fernandez v. California*, 571 U.S. 292, 298 (2014); *Commonwealth v. Strader*, 931 A.2d 630, 634 (Pa. 2007). Warrantless entry by law enforcement into a home to look for a suspect is presumptively unreasonable and is constitutionally impermissible absent an applicable exception to the Fourth Amendment's general requirement that a warrant be obtained. *Payton v. New York*, 445 U.S. 573, 586-603 (1980); *Strader*, 931 A.2d at 634; *Commonwealth v. Hawkins*, 257 A.3d 1, 9 (Pa. Super. 2020); *Commonwealth v. Berkheimer*, 57 A.3d

---

[4] Appellant argues only that the troopers' actions violated the Fourth Amendment and does not raise any issue of violation of his rights under the Pennsylvania Constitution.

171, 179 (Pa. Super. 2012) (*en banc*). "Freedom from intrusion into the home or dwelling is the archetype of the privacy protection secured by the Fourth Amendment." **Payton**, 445 U.S. at 587 (quoting **Dorman v. United States**, 435 F.2d 385 (D.C. Cir. 1970)).

No warrant was obtained for Appellant's arrest or for entry into Appellant's house. The trial court did not find, and the Commonwealth does not argue that the warrantless entry was justified by exigent circumstances. The sole ground on which the trial court found that the entry was constitutionally permissible was that Appellant's mother permitted the troopers to enter the house. Trial Court Opinion and Order, 2/18/20, at 2-4; Trial Court Opinion, 6/9/2021, at 2. The Commonwealth does not assert that there is any other basis that would support the trial court's denial of Appellant's suppression motion.

Voluntary consent is an exception to the warrant requirement. **Fernandez**, 571 U.S. at 298; **Illinois v. Rodriguez**, 497 U.S. 177, 181 (1990); **Valdivia**, 195 A.3d at 861-62; **Hawkins**, 257 A.3d at 9. Warrantless entry and search of a house is constitutionally permissible where an occupant with authority over the premises consents to the entry and search. **Fernandez**, 571 U.S. at 298-300; **Rodriguez**, 497 U.S. at 181; **Commonwealth v. Hawkins**, 257 A.3d 1, 9-10 & n.6 (Pa. Super. 2020); **Commonwealth v. Basking**, 970 A.2d 1181, 1188 (Pa. Super. 2009). In addition, even if the individual who consents lacks such authority, apparent

authority exists and the warrantless entry and search are constitutionally permissible if the facts known to the law enforcement officers at the time would lead a reasonable person to believe that person who consented has authority to allow others to enter the premises. *Rodriguez*, 497 U.S. at 186-89; *Strader*, 931 A.2d at 634; *Basking*, 970 A.2d at 1190-91. Apparent authority, however, does not exist and the warrantless entry violates the Fourth Amendment if the officers knew at the time facts that negate the individual's claim of authority over the premises. *Rodriguez*, 497 U.S. at 188-89; *Basking*, 970 A.2d at 1191.

Apparent authority to consent to search of a dwelling has been found where the individual is at the dwelling when the officers arrive and tells the officers that he or she lives in or is currently staying at the dwelling. *Strader*, 931 A.2d at 632, 634-35 (denial of suppression motion affirmed where individual who consented to search of apartment was inside the apartment and answered the door when police detective knocked, told detective that he was staying in the apartment temporarily, and told detective that he was in charge of the apartment); *Commonwealth v. Rosario*, 248 A.3d 599, 608-10 (Pa. Super. 2021) (denial of suppression motion affirmed where individual who consented to search was standing in front of defendant's house when police arrived and told them that he was house-sitting at the house and watching defendant's dog); *Basking*, 970 A.2d at 1185-86, 1191 (reversing grant of suppression motion where individual who consented to search of

house was the owner the house and resided there, was defendant's mother, and did not tell police that defendant's room was separately rented out to him, and there was no indication that mother did not have full access to defendant's room); *see also Commonwealth v. Hunter*, 963 A.2d 545, 549-54 (Pa. Super. 2008) (denial of suppression motion affirmed where individual who consented to search was inside the house and greeted police at the door and police had determined that the house was her residence, search was also subject to parolee reduced expectation of privacy). Even if the consenting party is not at the residence when the police arrive, apparent authority can be found where the consenting party identifies the dwelling as her residence and has a key to the dwelling and the police have no knowledge that she does not live there. *Rodriguez*, 497 U.S. at 179-80, 186-89 (individual who consented to search of apartment referred to defendant's apartment as "our" apartment, had a key to the apartment, went with the police to the apartment, and let them in with her key).

Apparent authority to consent to search of a dwelling has also been found where the police do not know the consenting party's relationship to the dwelling, if the consenting party is inside the dwelling when the police arrive, responds when the police knock on the door, and invites the police in. *Commonwealth v. Quiles*, 619 A.2d 291, 293-97 (Pa. Super. 1993) (*en banc*) (reversing grant of suppression motion where individual who consented to search of house was inside the house when officer knocked on the door and

told the officer to "come in"); ***Commonwealth v. Blair***, 575 A.2d 593, 596-99 (Pa. Super. 1990) (denial of suppression motion affirmed in DUI case involving arrest of defendant in her home where individual who consented to police entry, a neighbor who did not live there, was inside the house and answered the door when police knocked and police had no information on whether or not she lived there). In that circumstance, apparent authority has been held to exist because "it is reasonable for police officers to assume that a person who answers the door at a residence has authority to consent to their entry into the residence." ***Blair***, 575 A.2d at 598 (emphasis omitted).

In contrast, apparent authority to consent to a search of a dwelling does not exist where the person giving consent is not inside the dwelling when the police arrive and the police do not have reason to believe that she is at least temporarily living in the dwelling. In ***Commonwealth v. Hughes***, 836 A.2d 893 (Pa. 2003), a majority of our Supreme Court held that police did not have apparent authority under the Fourth Amendment for a warrantless entry based on consent given by teenage girls standing on the front porch of the defendant's house who opened the door for the police, where the police had no information on whether they lived in or were staying in the house. ***Id.*** at 896-97, 905-08. Although the Court in ***Hughes*** upheld the search, only three of the justices held that it was permissible as an apparent authority consent search; the other two justices who upheld the search did so based on the reduced expectation of privacy for parolees and expressly agreed with the two

dissenting justices who concluded that the police did not have apparent authority. *Id.* at 900-01, 905-06.

Moreover, where the police in fact know that the consenting party is not a current occupant of the defendant's dwelling, a warrantless entry violates the Fourth Amendment, even though the consenting party has access to the dwelling and willingly lets the police enter. *Commonwealth v. Davis*, 743 A.2d 946, 951-53 (Pa. Super. 1999) (suppression of evidence found in warrantless entry into apartment was required even though apartment building manager unlocked the apartment for police and let them in).

Here, the uncontradicted evidence at the suppression hearing precluded any finding that the troopers could reasonably believe that Appellant's mother had authority to let them into Appellant's house. Appellant's mother was not at Appellant's house, let alone inside, when the troopers arrived and knocked on the door and no one came to the door to permit them to enter in response to their knocking or invited them in from inside the house. N.T. Suppression Hearing at 7-8, 15, 22, 25-26. While one of the troopers testified that Appellant's mother told him that she was allowed in the house and could let them in, the troopers knew that she did not live there and that the house was Appellant's separate residence and testified that Appellant's mother did not tell them that she was staying at Appellant's house. *Id.* at 8-9, 15-16, 22-26. No other testimony provided any support for a belief that she had authority to let them in. Appellant's mother testified that she did not own or

live in Appellant's house and does not go into Appellant's house without knocking and being let in. *Id.* at 30-34. In addition, there was no evidence that Appellant's mother even had a key to Appellant's house, as the troopers testified that she did not use a key to let them in and Appellant's mother denied that she had a key to Appellant's house. *Id.* at 18, 26, 34-35. The fact that the consenting party was Appellant's mother cannot create apparent authority, as a parent of an adult child does not have authority to consent to entry of a separate dwelling that is not part of the parent's residence. *Basking*, 970 A.2d at 1189-90 (parent did not have actual authority to consent to search of part of her house that was separately leased to her son and occupied solely by her son).

Because Appellant's mother lacked actual or even apparent authority to permit entry into Appellant's house, the troopers' warrantless entry violated Appellant's Fourth Amendment rights and the trial court erred in failing to grant Appellant's motion to suppress the blood alcohol breath test results, evidence of Appellant's performance on the field sobriety tests, and other evidence obtained solely as a result of the entry into Appellant's house. *Commonwealth v. Santiago*, 209 A.3d 912, 928 (Pa. 2019); *Commonwealth v. Fulton*, 179 A.3d 475, 489-90 (Pa. 2018); *Berkheimer*, 57 A.3d at 190. The blood alcohol breath test results and Appellant's performance on the field sobriety tests were admitted at trial, N.T. Trial at 42-48, and were a substantial portion of the evidence supporting the DUI charges

against Appellant. Accordingly, we vacate Appellant's DUI convictions and sentence, reverse the order denying suppression, and remand for a new trial on the DUI charges.[5]

Judgment of sentence vacated. Case remanded with instructions to grant Appellant's motion to suppress and for new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/5/2022

---

[5] None of the evidence obtained as a result of the illegal entry into Appellant's house had any possible effect of the summary offense convictions, however. Those convictions were based on the fact that Appellant's truck was left lying upside down on the roadway and its hazard lights were not on, which the troopers learned before the entry into Appellant's house, and whether or not Appellant was intoxicated was irrelevant to those offenses. The denial of the suppression motion therefore was harmless error with respect to the summary offense convictions, and we do not vacate those convictions or the fines imposed for those convictions.