J-A15017-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :             PENNSYLVANIA
                                    :

v.                              :

AMBER CAMILLE WRIGHT       :

                                    :

       Appellant           :     No. 686 WDA 2021

Appeal from the Judgment of Sentence Entered May 10, 2021,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0013826-2019.

BEFORE: BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:        **FILED: AUGUST 02, 2022**

Amber Wright appeals from the judgment of sentence imposed following her conviction for driving under the influence (DUI) and display of an unauthorized certificate of inspection.[1] We reverse the denial of her motion to suppress evidence obtained after she was stopped at a DUI checkpoint, vacate her judgment of sentence, and remand.

On September 20, 2019, Pennsylvania State Police Trooper Nickolas Elliot stopped Wright at a DUI checkpoint on an exit ramp from State Route 28. Wright said that she had a medical marijuana card and had used marijuana. She showed signs of intoxication on field sobriety tests and refused a blood draw. On September 25, 2019, Trooper Elliot charged Wright

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 4703(e).

with DUI of a controlled substance, careless driving, reckless driving, and display of an unauthorized certificate of inspection.

On September 14, 2020, Wright moved to suppress evidence obtained from the DUI checkpoint. The suppression court heard the motion at a virtual suppression hearing on September 17, 2020.

At the suppression hearing, the Commonwealth presented Trooper Elliot as its only witness. Relevant here, Trooper Elliot testified that he was not involved in selecting the time and place of the checkpoint, which was an administrative decision by Corporal Robbins. Trooper Elliot had previously discovered DUI drivers at checkpoints in the area, and he believed that his department kept track of what times DUI incidents were common. However, he did not have records of these statistics. The Commonwealth did not present any evidence at the suppression hearing of the reason that Corporal Robbins selected this time and place for a DUI checkpoint.

The court denied suppression, and the case proceeded to a non-jury trial on April 15, 2021. The trial court found Wright guilty of DUI and display of an unauthorized certificate of inspection. At sentencing on May 10, 2021, Wright expressed confusion as to the basis for her DUI conviction. After an off-the-record sidebar, the court granted counsel's oral motion to sentence Wright to the "lesser included offense" of DUI under 75 Pa.C.S.A. § 3802(a) instead of 75 Pa.C.S.A. § 3802(d). The court sentenced Wright to serve six months of probation, attend Alcohol Highway Safety School, and pay a $300.00 fine.

Wright timely appealed. As directed, Wright filed a concise statement of errors complained of on appeal on July 15, 2021. The trial court entered its Pa.R.A.P. 1925(a) opinion on October 8, 2021.[2]

Wright presents the following issues for our review:

I.   Where the government's roadblock violated constitutional standards because no evidence was presented to establish the area was likely to be traveled by intoxicated drivers at that time of day, did the trial court err in denying suppression?

II.   Where Ms. Wright testified credibly that she had no toes in her left foot, required a cane to walk, and suffered from a condition which affected her ability to walk, and there was no blood evidence to establish intoxication, was the evidence insufficient to prove beyond a reasonable doubt that she was driving under the influence?

III.   Where the trial court properly exercised discretion in granting Ms. Wright's *nunc pro tunc* post-verdict motion for judgment of acquittal, vacating her sentence under 42 Pa.C.S. §3802(d) and convicting her under 42 Pa.C.S. §3802(a), is remand appropriate for resentencing?

Wright's Brief at 5.

Wright's first issue challenges the denial of her motion to suppress. Our scope and standard of review are as follows:

> Appellate review of a suppression decision is limited to the suppression record, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by the defense. This Court is bound by the facts as found by the suppression court so long as they are supported by the record, but our review of its legal conclusions is *de novo*.

---

[2] On August 24, 2021, the trial court mailed a letter to this court requesting a remand to resentence Wright under 75 Pa.C.S.A. § 3802(d) rather than Section 3802(a). We directed the parties to address this issue in their briefs.

***Commonwealth v. Lehnerd***, 273 A.3d 586, 589 (Pa. Super. 2022) (quoting ***Commonwealth v. Valdivia***, 195 A.3d 855, 861 (Pa. 2018)) (italics added).

At a suppression hearing, the Commonwealth bears the burden to prove that its evidence was not obtained in violation of the defendant's rights. ***Commonwealth v. Enimpah***, 106 A.3d 695, 703 (Pa. 2014); Pa.R.Crim.P. 581(H). Absent testimony that an officer acted lawfully, the suppression court cannot simply "speculate" and "assume[]" that police actions complied with constitutional requirements. ***E.g.***, ***Commonwealth v. Queen***, 639 A.2d 443, 445–46 (Pa. 1994).

A motor vehicle stop is a seizure for constitutional purposes; for a DUI checkpoint, the Commonwealth must show that the checkpoint substantially complied with the guidelines articulated in ***Commonwealth v. Tarbert***, 535 A.2d 1035, 1043 (Pa. 1987) (plurality), and ***Commonwealth v. Blouse***, 611 A.2d 1177, 1180 (Pa. 1992). The ***Tarbert***/***Blouse*** guidelines provide the constitutional minimum requirements for a checkpoint, which our Supreme Court has outlined as follows:

> (1) vehicle stops must be brief and must not entail a physical search; (2) there must be sufficient warning of the existence of the checkpoint; (3) the decision to conduct a checkpoint, as well as the decisions as to time and place for the checkpoint, must be subject to prior administrative approval; (4) **the choice of time and place for the checkpoint must be based on local experience as to where and when intoxicated drivers are likely to be traveling**; and (5) the decision as to which vehicles to stop at the checkpoint must be established by administratively pre-fixed, objective standards, and must not be left to the unfettered discretion of the officers at the scene.

*Commonwealth v. Mercado*, 205 A.3d 368, 373 (Pa. Super. 2019) (*en banc*) (quoting *Commonwealth v. Worthy*, 957 A.2d 720, 725 (Pa. 2008)).

Regarding the fourth guideline (the basis for the choice of the time and place for the checkpoint), the Commonwealth must introduce documents or testimony about DUI arrests and accidents in the area. *Commonwealth v. Garibay*, 106 A.3d 136, 140–41 & 141 n.7 (Pa. Super. 2014). This requires the police to "articulate specifics such as the reason for the location and the number of prior DUIs in the area of the checkpoint." *Mercado*, 205 A.3d at 374 (quoting *Commonwealth v. Menichino*, 154 A.3d 797, 802–03 (Pa. Super. 2017)) (emphasis deleted).

For example, in *Mercado*, the Commonwealth presented the testimony of the police lieutenant who selected a DUI checkpoint area based on DUI statistics of the area, with the specific location based on safety and convenience. *Id.* at 374–75. We held that safety was a proper consideration in this decision. *Id.* at 375. Similarly, we found a DUI checkpoint to be constitutional where the Commonwealth presented the testimony of a police sergeant who selected a location based on the number of DUI arrests in the area. *Commonwealth v. Menichino*, 154 A.3d 797, 802–03 (Pa. Super. 2017).

Here, the Commonwealth presented only the testimony of Trooper Elliot, who was not involved in selecting the time and place of the checkpoint. Although Trooper Elliot had previously discovered DUI drivers at checkpoints along Route 28, he did not have police records of the times and locations of

these DUIs. The Commonwealth did not present any evidence as to why Corporal Robbins selected the time and place of the checkpoint, leaving the suppression court to speculate that police chose the location because of the high volume of traffic. **See** Suppression Court Opinion, 10/8/21, at 5–6 & n.4. Because the Commonwealth did not produce evidence to support this speculation, it did not meet its burden of proving substantial compliance with the **Tarbert**/**Blouse** guidelines, and the court should have granted Wright's motion to suppress. Pa.R.Crim.P. 581(H); **see Queen**, **supra**.

Wright's second and third issues are moot based on our disposition of her suppression issue. **Commonwealth v. Chesney**, 196 A.3d 253, 260 (Pa. Super. 2018).

Judgment of sentence vacated. Order denying suppression reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/02/2022