J-S02036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PRITAM RAJ-SHARM KANDEL | : | |
| | : | |
| Appellant | : | No. 954 MDA 2022 |

Appeal from the Judgment of Sentence Entered June 8, 2022
In the Court of Common Pleas of Union County Criminal Division at
No(s): CP-60-CR-0000055-2021

BEFORE: PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:          **FILED: APRIL 4, 2023**

Appellant, Pritam Raj-Sharm Kandel, appeals from the judgment of sentence entered on June 8, 2022, after the court convicted him of Driving Under the Influence of Alcohol ("DUI").[1] After careful review, we affirm in part and vacate in part.

On December 8, 2020, Buffalo Valley Regional Police Sergeant Fred Hetrick, Jr. was traveling north on State Route 15 when he witnessed a car on the southbound shoulder. Sergeant Hetrick noticed that the car's lights were on and the operator, later identified as Appellant, was in the process of exiting the vehicle through the driver's door. Sergeant Hetrick performed a U-turn and, approximately 3 to 5 minutes later, approached Appellant's vehicle.

---

[1] 75 Pa.C.S. § 3802(a)(1). The court also convicted Appellant of the summary offense of Careless Driving. *Id.* at § 3714(a). Appellant's issue on appeal relates solely to his DUI conviction.

When he approached, Sergeant Hetrick noticed damage to the driver's side of Appellant's vehicle, and that the front passenger-side tire was flat. Appellant had also turned off his lights and was laying across the rear seats.

Through the course of interacting with Appellant, Sergeant Hetrick smelled alcohol on Appellant's breath and noticed that Appellant's eyes were bloodshot and glassy, and his speech was slurred. Appellant failed two field sobriety tests and a preliminary breath test indicated the presence of alcohol.

Based on the totality of the circumstances, Sergeant Hetrick determined that Appellant was under the influence of alcohol to a degree that rendered him incapable of safe driving and, as a result, arrested Appellant. Sergeant Hetrick took Appellant to a local hospital, where Appellant refused to submit to a chemical test of his blood.

On December 6, 2021, the Commonwealth presented its evidence at a bench trial. Sergeant Hetrick, who testified on behalf of the Commonwealth, testified in a manner consistent with the above. The Commonwealth also presented the court with a video recording of the incident taken from Sergeant Hetrick's vehicle.

Appellant also testified at trial. He stated that before Sergeant Hetrick arrived, his car had hit a pothole and then a railing. Appellant pulled his car off to the side of the road and called his wife to request that she pick him up. Knowing that he was going to have a long wait, Appellant decided to turn the car's lights off and move to the back seat. While in the back seat, Appellant drank 3 beers.

At the conclusion of trial, the court convicted Appellant of DUI. In rendering its verdict, the court explained that it did "not find [Appellant's] testimony concerning the circumstances of the accident to be credible." ***Id.*** at 52. On June 8, 2022 the court imposed a 5-day to 6-month sentence of county incarceration and granted Appellant immediate parole for time served.[2] The court also ordered, as part of Appellant's sentence, that Appellant "suffer a twelve-month operator license suspension and a one-year ignition interlock restriction." Amended Sentence, 6/8/22, at 1 (unpaginated).

Appellant timely filed a post-sentence motion challenging the weight of the evidence, which the court denied. Appellant then timely filed a Notice of Appeal and complied with Pa.R.A.P. 1925(b).[3]

**A.**

In his sole issue on appeal, Appellant challenges the trial court's exercise of discretion in denying his post-sentence challenge to the weight of the

_____

[2] Although it appears that Appellant has completed serving his incarceration sentence, this appeal is not moot because the instant DUI conviction carries with it continuing civil consequences and the potential for increased consequences if Appellant is convicted of DUI in the future. ***See Commonwealth v. Lehnerd***, 273 A.3d 586, 589 n.3 (Pa. Super. 2022); 75 Pa.C.S. § 3804(a), (e). ***See also Commonwealth v. Foster***, 214 A.3d 1240, 1246 (Pa. 2019).

[3] Unfortunately, the judge that presided over Appellant's trial retired before issuing a Pa.R.A.P. 1925(a) opinion. We are, however, capable of analyzing the issue presented because the trial court placed its credibility determinations on the record at the conclusion of trial. N.T. Trial at 52-53.

evidence.[4] Appellant's Br. at 5. In essence, Appellant argues that the trial court should have found credible his testimony that "he drank after his vehicle came to rest, not before[,]" and place more weight on this testimony than the other evidence presented at trial. *Id.* at 9-11.

"The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none[,] or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015) (citation omitted). "Resolving contradictory testimony and questions of credibility are matters for the factfinder." *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the factfinder. *Talbert*, 129 A.3d at 546.[5, 6]

---

[4] Appellant also purports to challenge the sufficiency of the Commonwealth's evidence. Appellant's Br. at 5. Appellant's argument, however, is a challenge to the trial court's credibility determinations and, thus, a challenge to the weight, and not the sufficiency, of the evidence. *Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997).

[5] This Court's review of a weight claim is a review of the trial court's exercise of discretion in denying the weight challenge raised in the post-sentence motion. *Talbert*, 129 A.3d at 545-46. As our Supreme Court has made clear, reversal is only appropriate "where the facts and inferences disclose a palpable abuse of discretion[.]" *Commonwealth v. Morales*, 91 A.3d 80, 91 (Pa. 2014) (emphasis omitted).

[6] To sustain a conviction for DUI—General Impairment, the Commonwealth must prove that the defendant drove, operated, or was "in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving[.]" 75 Pa.C.S. § 3802(a)(1).

Appellant essentially asks this Court to reassess his credibility, find his testimony credible, and then find his testimony more persuasive than the testimony of Sergeant Hetrick. It is well settled that this Court cannot substitute its credibility determinations for that of the factfinder or reweigh the evidence. Here, the factfinder found Appellant's testimony lacked credibility. It is not within the purview of our review to reassess that determination or reweigh the evidence.

Our review of the record reveals no abuse of the trial court's discretion. Consequently, this claim fails.

**B.**

In conducting our review of Appellant's case, we have identified a sentencing illegality.[7] We conclude that the court lacked the authority to impose the license suspension and ignition interlock aspects of Appellant's sentence, thus rendering them illegal. As a result, we vacate those restrictions.

"A claim that implicates the fundamental legal authority of the court to impose a particular sentence constitutes a challenge to the legality of sentence." **Commonwealth v. Moroz**, 284 A.3d 227, 230 (Pa. Super. 2022) (*en banc*) (citations omitted). "If no statutory authorization exists for a

---

[7] We may raise the issue of sentencing legality *sua sponte*. **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013). Our standard of review is *de novo* and scope of review is plenary. **Commonwealth v. Alston**, 212 A.3d 526, 528 (Pa. Super. 2019).

particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." *Id.* (citations omitted).

"Pennsylvania's Motor Vehicle Code sets forth a statutory scheme which requires the executive branch[, through the Department of Transportation ("the Department"),] to issue and regulate motor vehicle licenses." *Commonwealth v. Mockaitis*, 834 A.2d 488, 500 (Pa. 2003). Specifically, Section 1531 grants the Department with the authority "for revocation and suspension of operating privileges and for driver education, testing and control[.]" 75 Pa.C.S. § 1531. Within the statutory scheme, the Code requires that the Department suspend a driver's operating privilege if he or she is convicted of DUI:

> **The department shall** suspend the operating privilege of an individual . . . upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
>
> > (i)      an offense under section 3802 [relating to DUI offenses.]

75 Pa.C.S. § 3804(e)(1)(i) (emphasis added).[8]

The Code also requires that the Department suspend the license of any person arrested for DUI who refuses to submit to chemical testing:

> If any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police

---

[8] We note that 75 Pa.C.S. § 3804(e)(2)(iii) includes an exception to the license suspension requirement for defendants convicted of a first offense under Section 3802(a).

officer, **the department shall** suspend the operating privilege of the person as follows:

    (i)       Except as set forth in subparagraph (ii), for a period of 12 months.

*Id.* at § 1547(b)(1)(i) (emphasis added).[9]

The judiciary's role is "limited to determining guilt" of DUI. *Mockaitis*, 834 A.2d at 501 (citation omitted). It is undisputed that the legislature vested in the Department, and not the trial court, the authority to suspend a license. *Id.*[10]

Similarly, Section 3805 of the Vehicle Code grants the Department with the authority to require that a person convicted of DUI, and who seeks to have his driving privileges restored, accept the installation of an ignition interlock system. 75 Pa.C.S. § 3805(a)(1). Our Supreme Court has explained that by enacting Section 3805, the General Assembly "delegate[ed] to the Department, **not the courts**, the authority to impose the interlock requirement." *Whalen v. Com., Dept. of Transp., Bureau of Driver Licensing*, 32 A.3d 677, 680 n.3 (Pa. 2011) (emphasis added). Thus, "a sentencing court has no statutory authority to order installation of [ignition

---

[9] Appellant refused chemical testing. N.T. Trial, 12/6/21, at 13.

[10] In *Mockaitis*, our Supreme Court found unconstitutional Act 63 on the grounds that it violated the Separation of Powers doctrine because it delegated to the courts the responsibility to determine whether and when repeat DUI offenders are entitled to conditional restoration of their operating privileges, which is a function of the executive branch of government. 834 A.2d at 503. Following *Mockaitis*, our legislature passed, *inter alia*, Sections 3804 and 3805, which grant to the Department the exclusive authority to make ignition interlock and license suspension determinations. *See* 75 Pa.C.S. §§ 3804, 3805.

interlock] devices" and a sentence imposing an interlock system is illegal and must be vacated. **Commonwealth v. Williams**, 871 A.2d 254, 266 (Pa. Super. 2005).

The above law makes clear that it is for the Department, and not the courts, to impose license suspensions and the use of ignition interlock systems. Because the trial court in this case imposed these restrictions when only the Department has the authority to do so, their imposition is illegal. As a result, we vacate the license suspension and ignition interlock aspects of Appellant's sentence.[11]

In sum, we vacate the license suspension and ignition interlock portions of Appellant's sentence. We affirm all other aspects of his judgment of sentence.

Judgment of sentence affirmed in part, vacated in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023

---

[11] This outcome does not preclude the Department from suspending Appellant's license and mandating an ignition interlock system when Appellant seeks restoration of his driving privilege.