J-A23027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARC CHRISTOPHER AZINGER | : | |
| | : | |
| Appellant | : | No. 1543 MDA 2023 |

Appeal from the Judgment of Sentence Entered October 12, 2023
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000078-2022

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                **FILED NOVEMBER 22, 2024**

Appellant, Marc Christopher Azinger, appeals from the judgment of sentence entered October 12, 2023.  We affirm.

On December 25, 2021, at approximately 11:00 p.m., a passerby, Bryce Noon, reported a single-vehicle accident on Crossroads Drive in Union County, Pennsylvania to the Pennsylvania State Police ("PSP").  In particular, Noon indicated that he observed "an overturned Ford F-150 pick[-]up truck laying on its passenger's side."  Trial Court Opinion, 4/10/14, at 2.  Noon, with the assistance of another individual, helped the sole occupant, later identified as Appellant, out of the pick-up truck.

Troopers Dustin Spangler and Kyle Phillips of the PSP responded to the scene of the accident at approximately 11:20 p.m.  Appellant was no longer at the scene.  Accordingly, the troopers ran the Ford F-150's license plate and determined that Sherri Showers was the registered owner of the vehicle and

that she lived along Hollow Road in Lewisburg, Pennsylvania, located only one mile away from the scene of the accident. The troopers proceeded to Showers' Hollow Road residence and arrived at approximately 11:50 p.m. At that time, Showers, who was observed pacing back and forth in the kitchen, came out of her residence and proceeded to the front porch to meet the troopers. Upon approach, Trooper Spangler asked Showers "who was operating the vehicle?" N.T. Suppression Hearing, 1/6/23, at 9. Showers responded: "He [is] inside sitting on the chair." *Id*. Showers then went "back over to the door [and] opened the door" for the troopers. *Id*. Trooper Spangler encountered Appellant and noticed that "he had difficulty sitting in the chair," "thick, slurred speech," and "a very strong odor of alcohol emanating from his person." *Id*. at 10. As such, Trooper Spangler asked Appellant to submit to a portable breath test ("PBT") test which confirmed the presence of alcohol. Based upon the foregoing, Trooper Spangler arrested Appellant for driving under the influence ("DUI") and transported him to Evangelical Community Hospital for a blood draw. The blood draw, which occurred at 12:30 a.m., revealed that Appellant's blood alcohol content was 0.294%.

On January 18, 2022, the Commonwealth filed a criminal complaint against Appellant and charged him with various DUI related crimes. On May 23, 2022, Appellant filed an omnibus pre-trial motion, seeking to suppress the evidence against him. In particular, Appellant claimed that the troopers entered the Hollow Road residence without a warrant and arrested him without probable cause in violation of his constitutional rights. A suppression hearing

was held on January 6, 2023 during which Trooper Spangler, Bryce Noon and Sherri Showers testified. The trial court denied Appellant's motion that day. Thereafter, on March 27, 2023, Appellant was tried on a case stated basis without a jury and, ultimately, convicted of DUI – general impairment, DUI – highest rate, and 10 summary offenses, none of which are germane to the issues raised by Appellant on appeal.[1] On October 12, 2023, Appellant was sentenced to five years' probation with restrictive conditions. In addition, the trial court ordered Appellant to pay a total fine of $3,650.00, $100.00 to the Substance Abuse Education and Demand Reduction fund, any court costs and costs of prosecution. This timely appeal followed.

Appellant raises the following issues on appeal:

1. Whether the trial court erred in denying Appellant's motion to suppress evidence when the police unlawfully entered Appellant's residence without a warrant?

2. Assuming the police lawfully entered Appellant's residence, was [] Appellant's arrest based upon probable cause?

Appellant's Brief at 11.

On appeal, Appellant challenges the trial court's disposition of his motion to suppress. Our standard of review for an order denying a motion to suppress is well established.

> [We are] limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), 1543(a), 1543(b)(1)(ii), 3714(a), 3736(a), 3309(1), 3746(a)(2), 3744(b), 3745(a), 4581(a)(2)(ii), and 3809(a), respectively.

the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, "whose duty it is to determine if the suppression court properly applied the law to the facts." Thus, the conclusions of law of the courts below are subject to our plenary review.

**Commonwealth v. Mbewe**, 203 A.3d 983, 986 (Pa. Super. 2019), *quoting*

**Commonwealth v. Kemp**, 195 A.3d 269, 275 (Pa. Super. 2018).

We initially consider whether the troopers violated Appellant's constitutional rights when they entered the Hollow Road residence without a warrant and absent exigent circumstances or consent. The following principles govern our assessment.

The Fourth Amendment of the United States Constitution protects against unreasonable searches and seizures. **Fernandez v. California**, 571 U.S. 292, 298 (2014); **Commonwealth v. Strader**, 931 A.2d 630, 634 (Pa. 2007). Warrantless entry by law enforcement into a home to look for a suspect is presumptively unreasonable and is constitutionally impermissible absent an applicable exception to the Fourth Amendment's general requirement that a warrant be obtained. **Payton v. New York**, 445 U.S. 573, 586-603 (1980); **Strader**, 931 A.2d at 634; **Commonwealth v. Hawkins**, 257 A.3d 1, 9 (Pa. Super. 2020); **Commonwealth v. Berkheimer**, 57 A.3d 171, 179 (Pa. Super. 2012) (*en banc*). "Freedom from intrusion into the home or dwelling is the archetype of the privacy protection secured by the Fourth Amendment." **Payton**, 445 U.S. at 587, *quoting* **Dorman v. United States**, 435 F.2d 385 (D.C. Cir. 1970).

- 4 -

*Commonwealth v. Lehnerd*, 273 A.3d 586, 589-590 (Pa. Super. 2022) (footnote omitted).

While warrantless searches unsupported by probable cause are generally deemed to be unreasonable, Pennsylvania courts recognize an exception when a third-party consents to the search:

> Both the federal and Pennsylvania constitutions permit third-party consent to a search. When police officers obtain the voluntary consent of a third party who has the authority to give consent, they are not required to obtain a search warrant based upon probable cause. The [Pennsylvania] Supreme Court explained that a third party possessing common authority over a premises can give valid consent to search against a non-consenting person who shares authority because it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

*Commonwealth v. Simmen*, 58 A.3d 811, 816-817 (Pa. Super. 2012) (citations and internal quotations omitted). As the foregoing principles make clear, the constitution permits warrantless entry and search of a home where an occupant with actual common authority over the premises consents to police entry and an ensuing search. *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990); *Commonwealth v. Hawkins*, 257 A.3d 1, 9-10 n.6 (Pa. Super. 2020); *Commonwealth v. Basking*, 970 A.2d 1181, 1188 (Pa. Super. 2009).

As stated above, valid consent must be given voluntarily. Consent is considered "voluntary" if it is "the product of an essentially free and unconstrained choice – not the result of duress or coercion, express or

implied, or a will overborn – under the totality of the circumstances." **Commonwealth v. Acosta**, 815 A.2d 1078, 1083 (Pa. Super. 2003) (*en banc*). "While knowledge of the right to refuse to consent to the search is a factor to be taken into account, the Commonwealth is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent." **Commonwealth v. Powell**, 994 A.2d 1096, 1102 (Pa. Super. 2010) (quotation omitted). Importantly, verbal and non-verbal cues may constitute valid consent to enter a premise. **Commonwealth v. Daniels**, 421 A.2d 721 (Pa. Super. 1980) (concluding that Daniels non-verbal cues constituted valid consent to enter the premises).

Herein, Appellant challenges the trial court's finding that Showers consented to the troopers' entry into the Hollow Road residence. Importantly, Appellant does not claim that Showers lacked authority to provide valid consent, as it is undisputed that Showers lived at the Hollow Road residence. **See** N.T. Suppression Hearing, 1/6/23, at 37 (the trial court finding that Showers "does live at the residence that is the subject residence here"). Rather, Appellant argues the trial court's finding of consent is erroneous because the Trooper Spangler did not ask to enter the residence, Showers did not provide verbal consent to enter the residence, and Trooper Spangler did not advise Showers of her ability to refuse entry. Appellant's claim lacks merit.

At the suppression hearing, Trooper Spangler discussed the encounter with Showers, as well as the troopers' entry into the Hollow Road residence, as follows:

[District Attorney]: Who was the registered owner of the vehicle?

[Trooper Spanger]: Sherri Showers.

[District Attorney]: And do you remember what her address was?

[Trooper Spanger]: [Along] Hollow Road

[District Attorney]: Did you go to that address?

[Trooper Spanger]: Yes, I did.

[District Attorney]: With Trooper Phillips?

[Trooper Spanger]: Yes.

[District Attorney]: What happened when you got there?

[Trooper Spanger]: I do [not] recall exactly who was driving. As we pulled in the driveway, I observed a female, later identified as Showers, pacing back and [forth]. I could see her in the kitchen window. Upon exiting my patrol vehicle, I was met half-way on the porch. [] Showers [] c[a]me out. And I [] asked her who was operating the vehicle; and she said, [h]e [is] inside sitting on the chair.

At that point[,] she [went] back over to the door, opened the door, and I walked in and made contact with [Appellant].

[District Attorney]: Where was Showers standing when you walked into the residence?

[Trooper Spanger]: She was standing on the left of the front door.

[District Attorney]: Did she do anything to indicate that she did [not] want you to come into the residence?

[Trooper Spanger]: No, she [did not].

[District Attorney]: Did she open the door or did you open the door?

[Trooper Spanger]: She opened the door.

[District Attorney]: When you first made contact with her, was Showers outside or inside the residence?

[Trooper Spanger]: She [] met me outside. She [] actually came outside of the residence and met me half-way from the porch, half-way up the porch.

[District Attorney]: Did she identify the driver by his name or just point to him?

[Trooper Spanger]: She just pointed. She did not identify him by his name. She said he was inside sitting on the chair.

[District Attorney]: Did you then go in the residence?

[Trooper Spanger]: Yes, I did.

N.T. Suppression Hearing, 1/6/23, at 9-10.

The foregoing demonstrates that Showers, an individual with undisputed actual authority, voluntarily consented to the troopers' entry into the Hollow Road residence. In particular, we note that Trooper Spanger's testimony established that Showers provided such consent by opening the door, standing aside the doorway, and pointing to Appellant. In contrast to Appellant's claims, non-verbal consent is constitutionally permissible. *See Daniels*, *supra*. We also note that there is no evidence that Showers was under coercion or duress when she held the door open to the troopers. *See Commonwealth v. Cleckley*, 738 A.2d 427, 433 n.7 (Pa. 1999) (indicating that the "evaluation" of "consent necessarily entails consideration of a variety of factors" including "the use of duress or coercive tactics by law enforcement personnel"). Further, Showers did nothing to physically prevent Trooper Spangler's entry, nor did she express objection to the troopers' presence inside the residence. To the contrary, Trooper Spangler testified that Showers sat in the kitchen, smoked cigarettes, and complained to Trooper Phillips about

the accident. **See** N.T. Suppression Hearing, 1/6/23, at 11. Finally, it bears mentioning that, during the suppression hearing, Showers testified that she did not, in fact, consent to the troopers' entrance into the Hollow Road residence. **See id.** at 27 (Showers testifying that she did not give the troopers "permission to enter [her] residence."). The trial court, however, as the "sole authority to assess the credibility of witnesses" was "entitled to believe all, part or none of the evidence presented." **Commonwealth v. Reese**, 31 A.3d 708, 721 (Pa. Super. 2011). We will not disturb the trial court's credibility determinations on appeal. We therefore affirm the trial court's order denying suppression.

We now turn to Appellant's claim that his arrest was not supported by probable cause. More specifically, Appellant argues that the officers lacked probable cause to believe that he was the operator of the vehicle in question or that he was DUI. We disagree.

This Court previously explained:

> An officer has probable cause to make a warrantless arrest "when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." **Commonwealth v. Dommel**, 885 A.2d 998, 1002 (Pa. Super. 2005) (citation omitted). "Probable cause justifying a warrantless arrest is determined by the totality of the circumstances. … Furthermore, probable cause does not involve certainties, but rather the factual and practical considerations of everyday life on which reasonable and prudent persons act." **Commonwealth v. Williams**, 941 A.2d 14, 27 (Pa. Super. 2008) (citations and quotation marks omitted).

***Simmen***, 58 A.3d at 817.

Herein, Appellant was involved in a single-vehicle accident, which caused his Ford F-150 to overturn onto its passenger side. After discovering Showers owned the Ford F-150, the troopers proceed to the Hollow Road residence and encountered Showers who identified the driver of the pick-up truck by advising two troopers that: "He [is] inside sitting on the chair." N.T. Suppression Hearing, 1/6/23, at 10. Showers also "gestured to the individual," *i.e.*, Appellant, "sitting inside" the residence. Trial Court Opinion, 4/10/23, at 2. Trooper Spangler then made contact with Appellant who displayed visible signs of intoxication, including "difficulty sitting in the chair; thick, slurred speech; [and] a very strong odor of alcohol emanating from his person." N.T. Suppression Hearing, 1/6/23, at 10. Accordingly, Trooper Spangler asked Appellant to submit to a PBT test, which revealed the presence of alcohol. ***Id***. at 11. Based upon the foregoing, Trooper Spangler arrested Appellant. In view of the totality of the circumstances, we conclude that the trial court did not err in denying Appellant's suppression motion as Appellant's arrest was supported by probable cause.

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>11/22/2024</u>